HAMBURG-BREMEN FIRE INSURANCE COMPANY v.
NANNIE C. BAILEY ET AL.

Decided November 24, 1903.

**Garnishment—Answer—Costs—Attorney Fee.**

The garnishee was required by the writ to answer at the March term. The original suit, filed concurrently, was set by agreement for trial on March 11th. The garnishee's answer denying liability was verified on March 7th. On March 9th the attorneys for the plaintiff, with knowledge of the unfiled answer, and of its contents, and without notice to the garnishee or his attorney, caused the garnishment proceeding to be dismissed. Under this state of case the trial court erred in sustaining demurrers to a motion of the garnishee to retax the costs in the proceeding, and allow him attorney's fees for the preparation of his answer.

Appeal from the County Court of Lavaca.   Tried below before Hon. C. J. Gray, County Judge.

*Price, Green & Green,* for appellant.

*Patton & Schwartz,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the court below sustaining demurrers to a motion to retax costs filed by applicant in a garnishment proceeding in said court in which appellant was sued as garnishee.

The record shows that in a suit in said court, in which appellees were plaintiffs and C. H. Holchak was defendant, appellees sued out a writ of garnishment against the appellant on the 9th day of January, 1903, and same was served on appellant on said date.  The original suit was filed on the same day the writ of garnishment was sued out and was brought to the March term of the court which began on March 2, 1903. The writ of garnishment required appellant to answer at said March term.  By agreement of attorneys representing the plaintiffs and the defendant in the original suit that cause was set for trial on March 11th. Counsel for appellant was informed of this agreement.  Appellant's answer in the garnishment proceeding was prepared prior to March 7th, and on that day was properly verified by its agent at Dallas, Texas, and forwarded to appellant's counsel at Hallettsville.  This answer denied any liability of appellant to the defendant Holchak, and prayed for an allowance of $15 attorney's fees as reasonable costs of its preparation.

On the 9th day of March appellees' attorney, knowing that appellant's answer was in the hands of its attorney, and also knowing its contents, without any notice to appellant's attorney, caused said garnishment proceeding to be dismissed.  Thereafter on the same day appellant filed its said answer, and in proper time filed a motion to require the clerk to retax the costs in the garnishment proceeding and allow appellant its attorney fees for preparing its answer, the clerk having refused to tax

any costs in favor of appellant. To this motion which set out the facts above stated appellees filed the following demurrers:

"Nannie C. Bailey et al. v. Hamburg-Bremen Fire Ins. Co. No. 642. In County Court Lavaca County, Texas. And now comes the plaintiffs and show to the court that garnishee's motion to retax the costs in this case shows that the court has no authority to enter the order prayed for, and has no jurisdiction in this matter in this, that this case had been disposed of and dismissed before the act done by garnishee, viz., filing an answer for which he claims a fee.

"2. The clerk had no authority to file the answer for the filing of which garnishee claims an allowance of a fee, and the court has no jurisdiction to adjust any equities arising out of private agreements or understandings between parties. Wherefore plaintiffs pray that said motion be dismissed."

We are of opinion that the motion to reopen the case for the purpose of adjudicating the question of costs should have been granted. Had the answer been filed before the order of dismissal was taken by appellees it is not questioned that appellant would, under the statute, have been entitled to reasonable attorney's fees for preparing its answer. Rev. Stats., art. 219; Johnson v. Blanks, 63 Texas, 496. The only question in the case is whether appellant's attorneys were guilty of such negligence in failing to file its answer before appellees dismissed their suit as would authorize the trial court to refuse to give appellant a hearing upon the question of costs. No judgment could have been taken against appellant in the garnishment suit until after judgment had been obtained by appellees against the defendant in the original suit. Appellant's attorneys having knowledge of the agreement under which the original suit was set for trial on March 11th, and knowing that appellees' attorneys were informed that appellant's answer had been prepared and knew its contents, should not be charged with inexcusable negligence in failing to anticipate that appellees would dismiss their garnishment suit before the day set for the trial of the original suit. It is well settled that a defendant may file his answer at any time before his cause is called for trial, and this court has held that when a garnishee has reasonable ground to believe that the original suit in which the writ of garnishment issued would not be tried until the succeeding term of the court to that at which the writ required him to answer, the failure to answer at the term named in the writ was not such inexcusable negligence as would authorize the refusal of a writ of certiorari and a trial de novo when the petition for that relief showed that the garnishee was not indebted to the defendant in the original suit. We think the same rule should be applied in the instant case. Heath v. Jordt, 5 Texas Ct. Rep., 826.

It is true that under the statute appellees had the right to discontinue their garnishment suit at any time before an answer was filed, upon the payment of all costs that had accrued, but having caused appellant to incur the expense of preparing an answer in order to protect its rights, and knowing that said answer had been prepared and that it denied any

liability of appellant to their debtor, they ought not to be permitted to escape the penalty of wrongfully causing appellant to incur said expense merely because the answer had not been filed at the time they dismissed their suit, unless the failure to file same was due to inexcusable negligence on the part of appellant or its attorneys, and as we have before said we do not think appellant can be charged with such negligence under the facts of this case.

A different question would be presented if appellant's answer had not been prepared before the suit was dismissed. Appellant being charged with notice of appellees' right under the statute to discontinue their suit at any time before an answer was filed, would be required to take notice of such dismissal, and expenses thereafter incurred by it could not be charged against appellees.

We think the court below erred in sustaining the demurrers to the motion, and if upon a hearing of said motion the facts therein alleged are shown to be true, judgment should be rendered in favor of appellant for the reasonable cost and expense of preparing its answer.

The judgment of the court below is reversed and this cause remanded for a new trial in accordance with the views above expressed.

*Reversed and remanded.*